UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR GUZMAN JIMENEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-8956 TLN CSK<br><br>ORDER |

On October 30, 2026, Giselle Garcia, purportedly "next friend" for petitioner Edgar Guzman Jimenez, an immigration detainee, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paid the filing fee. Petitioner has been detained since October 28, 2026. (ECF No. 1 at 3.)

## I. GOVERNING STANDARDS

A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a "next friend." United States v. Castle, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022). There are two "firmly rooted prerequisites" for "next friend" standing:

> First, a "next friend" must provide an adequate explanation—such as

> inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Dennis ex rel. Butko v. Budge, 378 F.3d 880, 888 (9th Cir. 2004) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990)). The "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify jurisdiction of the court." Whitmore, 495 U.S. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); see also Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.' ") (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him.").

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." United States v. Caputo, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) (citing Lovett v. Adams, 2018 WL 3239939, at *1 (C.D. Cal. June 28, 2018)).

## II. DISCUSSION

Here, Ms. Garcia states that she is the Programs Director for NorCal Resist and that petitioner's wife asked Ms. Garcia to help file the petition for petitioner. (ECF No. 1 at 9.) Ms. Garcia states that petitioner speaks Spanish and has no access to legal materials. (Id.) Ms. Garcia states, "I have no personal interest in this case and am acting only to protect [petitioner's] liberty, at his family's request. I will step aside as soon as Petitioner or his own counsel can proceed." (Id.)

As discussed above, one of the prerequisites to have standing for next friend status is that

the next friend must be truly dedicated to the best interests of the person on whose behalf they seeks to litigate. As stated above, Ms. Garcia states that she has no personal interest in this case. For this reason, this Court finds that Ms. Garcia fails to demonstrate that she is dedicated to the best interests of petitioner. Therefore, either (1) Ms. Garcia must secure licensed counsel to proceed, see Soza v. Warden of Cal. City Det. Facility, 2026 WL 237716, at *1-2 (E.D. Cal. Jan. 29, 2026) (a next friend cannot proceed pro se), or (2) petitioner Edgar Guzman Jimenez must notify the Court that he will appear on his own behalf to prosecute this habeas action. Otherwise, the petition will be dismissed without prejudice.[1]

## III. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, **either**

a. Petitioner Edgar Guzman Jimenez must notify the court in writing that (1) Giselle Garcia filed the petition for writ of habeas corpus (ECF No. 1) with petitioner's knowledge and permission; (2) Petitioner Edgar Guzman Jimenez must declare under penalty of perjury that the contents of the petition are true and correct; (3) going forward, Petitioner Edgar Guzman Jimenez will appear on his own behalf to prosecute this habeas action; and (4) Petitioner Edgar Guzman Jimenez shall inform the Court of his "A" identification number; **OR**

b. Giselle Garcia must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

2. The Clerk of the Court is directed to send a copy of the petition (ECF No. 1) along with this order to petitioner Edgar Guzman Jimenez at his address of record.

3. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: November 6, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Jime8956.nxtf.imm/2

[1] The petition does not contain an address for Ms. Garcia. (See ECF No. 1.)